# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1923

FRANK H. CUNNINGHAM, APPELLANT, V. WALTER H. SCOTT ET AL., APPELLEES.

FILED JANUARY 16, 1923. No. 22189.

1. **Evidence: QUANTITY.** In replevin for wheat in a bin, proof of the quantity taken under the writ as shown by the testimony of disinterested witnesses who measured it and by the actual weights when weighed at elevators is not overthrown by the mere opinion of defendants who base their estimate of quantity on truck loads and the number of bushels in each without accurate knowledge or admissible data.

2. **Appeal: REVERSAL.** Where the evidence shows that a finding of fact on a material issue is clearly wrong, it may be set aside on appeal.

3. ———: **SECONDARY EVIDENCE.** Where memoranda consisting of many items are used by a witness to refresh his memory in testifying on a material issue, the failure, on motion, to strike out the testimony thus adduced may amount to prejudicial error, if it is based on a book of original entries in possession of the witness and available but not produced.

4. ———: **REFUSAL OF INSTRUCTIONS.** The failure, upon request, to submit to the jury a material issue of fact conforming to plaintiff's theory of the case as shown by the pleadings and the proofs may constitute error requiring the reversal of a judgment in favor of defendant.

APPEAL from the district court for Kimball county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*Halligan, Beatty & Halligan* and *W. J. Ballard,* for appellant.

(586)

Cunningham v. Scott.

*Rodman & Rodman* and *O. A. Torgerson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN and DAY, JJ., REDICK, District Judge.

ROSE, J.

Frank H. Cunningham, plaintiff, began this action October 15, 1920, to replevy from Walter H. Scott and Glenn F. Scott, defendants, 5,000 bushels of winter wheat in bins on section 14, township 12 north, range 57, Kimball county. Plaintiff claimed title under a bill of sale dated October 25, 1919, in which defendants were described as "first parties" and plaintiff as "second party." The expressed consideration in the bill of sale was $9,400. The description of the wheat sold and the terms of delivery were as follows:

"An undivided three-fourths interest in 343 acres of winter wheat now planted and growing on section fourteen (14) in township twelve (12) north, range fifty-seven (57), Kimball county, Nebraska, the said three-fourths interest to be delivered into the elevator in Kimball, Nebraska, by said first parties, without any expense to said second party. First parties also to stand all expenses in harvesting and threshing."

The appraisers selected by the sheriff to assess the value of the property to be taken by him for plaintiff under the writ of replevin found the amount of wheat in the bins to be 3,200 bushels, valued at $1.35 a bushel; total, $4,320. The answer of defendants was a general denial. Plaintiff sold the replevied wheat and consequently could not return it to defendants in the event of an adverse verdict. The jury found that he was not entitled to the possession of the replevied wheat when he began his suit and that the damages sustained by defendants were $6,986.25. From a judgment against him for that sum he has appealed.

The insufficiency of the evidence to sustain the verdict, rulings on objections to testimony and the failure

to properly instruct the jury are assigned as grounds
for a reversal.

The verdict, considered in the light of the record, seems
to indicate the jury found that plaintiff, without the title
or the right of possession, took from defendants under
the writ of replevin 4,657.5 bushels valued at $1.50 a
bushel or $6,986.25. While plaintiff began his suit to
replevy 5,000 bushels, he is not bound by his preliminary
estimate unless he took that quantity. The appraisers,
acting in an official capacity under oath, found the num-
ber of bushels in the bins to be 3,200. Is the evidence
sufficient to sustain a finding that plaintiff took 4,657.5
bushels or the equivalent of $6,986.25—the amount of
damages found by the jury?

The testimony on behalf of plaintiff that the number
of bushels replevied was approximately 3,200 is direct
and positive. The two appraisers who made measure-
ments and calculations for the purposes of the writ of
replevin testified as witnesses. They were disinterested.
They measured the bins and found the cubical contents
by mathematical calculations. Based on a bushel of
wheat weighing 60 pounds and occupying 1.2 cubic feet,
the quantity of wheat taken under the writ of replevin
was in round numbers 3,200 bushels, according to the
testimony of these disinterested witnesses. In addition
there is evidence that the wheat replevied tested 61
pounds to the bushel, that it was weighed for delivery
at the elevators, and that the quantity by measurement
did not differ materially from the quantity by actual
weight, when the difference between 60 pounds to the
bushel by measure and 61 pounds to the bushel by
weight is considered. In attempting to refute proof that
the number of bushels replevied, according to measure
and weight, was approximately 3,200, defendants, with-
out definite knowledge or admissible data, testified that
plaintiff hauled away 53 truck-loads, averaging, as esti-
mated or guessed, 100 bushels to the load, or 5,300

bushels in all. There is evidence that some of the truck-loads of wheat hauled from the premises by both plaintiff and defendants varied from 55 to 80 bushels. Conceding, but not deciding, that the testimony to disprove the results of actual measures and weights was properly admitted, there is no other competent evidence that plaintiff replevied more than approximately 3,200 bushels. On the issue of quantity plaintiff adduced the better evidence. It amounted almost to a demonstration. In absence of fraud or mistake, actual measurements and weights cannot be disproved by mere estimates or guesses of interested witnesses without accurate knowledge or admissible data. In the amount of damages the verdict is against the clear weight of the evidence. The testimony is insufficient to sustain a finding that plaintiff replevied 4,657.5 bushels of wheat, or any greater quantity, or that defendants sustained damages to the extent of $6,986.25. For this reason the verdict is clearly wrong and should have been set aside and a new trial granted.

There was also error in rulings on evidence. Without a proper foundation defendants, while testifying as witnesses, were permitted to make use of memoranda prepared by them to show the number of bushels of wheat taken from various tracts of land and stored in the bins and the number of bushels removed therefrom before the writ of replevin was executed. Defendants testified that they made these memoranda from a book in their possession which was shown to be available as evidence. The book was not produced and plaintiff was deprived of the opportunity to inspect the entries therein and to cross-examine defendants in regard to the items on which the memoranda were based. On the face of the record the overruling of a motion to strike this testimony from the record was a prejudicial error.

The trial court also erred in failing, upon request, to submit to the jury one of the issues involved in plaintiff's theory of the case. There was evidence tending to

show that defendants failed to deliver to plaintiffs all grain purchased by him, or three-fourths of the crop described in the bill of sale, or that defendants had mixed in the bins some of their own wheat with that belonging to plaintiff.    There was a reasonable basis in the evidence for computing the quantity to which plaintiff was entitled, if any, on this theory, and his right to recover it or its equivalent in wheat or any portion of it, if stored by defendants in the bins, should have been submitted to the jury by a proper instruction.

For the errors pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.